PER CURIAM:
Michael Yusim, proceeding pro se, petitions for review of an order from the Department of Labor’s Administrative Review Board (“ARB”) affirming an Administrative Law Judge’s (“ALJ”) dismissal of Yusim’s retaliation complaint under the Surface Transportation Assistance Act (“STAA”), 49 U.S.C. § 31105. First, Yusim argues that the Department of Labor improperly refused his request for it to petition a district court to withdraw the reference of his STAA retaliation claim from a bankruptcy court’s jurisdiction once his former employer, Midnight Sun Tours (“Midnight Sun”), declared bankruptcy. Second, Yusim argues that the ARB improperly dismissed his STAA complaint because it should have considered the merits of his STAA claim. After review of the record and the parties’ briefs, we dismiss the petition for review in part and deny it in part.
I.
When considering a petition for review from a STAA proceeding, we apply the standards of review from the Administrative Procedure Act (“APA”). Koch Foods, Inc. v. Sec’y, U.S. Dep’t of Labor, 712 F.3d 476, 480 (11th Cir.2013). The ARB’s legal conclusions must be affirmed unless they are arbitrary, capricious, an abuse of discretion, or not in accordance with the law. 5 U.S.C. § 706(2)(A). The ARB’s factual findings must be accepted unless they are unsupported by substantial evidence in the record as a whole. Id. § 706(2)(E).
We are obliged to review our own jurisdiction whenever we may be lacking jurisdiction and determine our subject matter jurisdiction de novo. Alexis v. U.S. Att’y Gen., 431 F.3d 1291, 1293 (11th Cir.2005).
A valid claim under the APA must challenge an agency action, which includes an agency order or relief, the denial thereof, or the failure to act. Fanin v. U.S. Dep’t of Veterans Affairs, 572 F.3d 868, 877 (11th Cir.2009); 5 U.S.C. § 551(13). The APA also grants a court the authority to compel an agency to conduct an action that has been “unlawfully withheld or unreasonably delayed.” 5 U.S.C. § 706(1). An APA claim premised on an agency’s failure to act can only proceed if the plaintiff asserts that the agency failed to take a discrete action that it was required to take. Fanin, 572 F.3d at 877-78.
An employee who alleges that he was discharged in violation of the anti-retaliation provision in the STAA can file a complaint with the Occupational Health and Safety Administration (“OSHA”). 49 U.S.C. § 31105(b)(1); 29 C.F.R. § 1978.103(c). After an investigation, OSHA issues written findings about whether there is reasonable cause to believe that the employer violated the STAA. 29 C.F.R. § 1978.105(a). A party may object to the written findings and request a hearing before an ALJ. Id. § 1978.106(a). If the employer objects, then the Department of Labor ordinarily acts as the prosecuting party before the ALJ. Id. *969 § 1978.108(a)(1). Otherwise, the Department of Labor “may participate as a party or participate as amicus curiae at any stage of the proceeding.” Id,
We lack jurisdiction under the APA to review the Department of Labor’s decision not to intervene in Yusim’s attempts to withdraw the reference of his STAA claim from a'bankruptcy court because it was not a discrete action that the agency was required to perform by law. Yusim has not shown that the agency was required to intervene on his behalf. See Fanin, 572 F.3d at 877-78. Indeed, the Department of Labor has discretion to decide whether to participate as a party in a STAA proceeding when the complainant objects to OSHA’s written findings. 29 C.F.R. § 1978.108(a)(1). Therefore, we dismiss Yusim’s petition for review to the extent that he challenges the Department of Labor’s refusal to intervene on his behalf.
II.
The STAA prohibits an employer from discharging the driver of a commercial motor vehicle for accurately reporting his hours on duty. 49 U.S.C. § 31105(a)(1)(C); see also 49 U.S.C. § 31101(2) (defining an employee for purposes of the STAA). If the Department of Labor concludes that an employer violated 49 U.S.C. § 31105(a), then it can take affirmative action to abate the violation, reinstate the employee to his prior position, and order the employer to pay compensatory damages, punitive damages, and reasonable costs. Id. § 31105(b)(3)(A)-(C). The STAA defines an employer as a person engaged in a business affecting commerce that owns or leases a commercial motor vehicle. Id. § 31101(3).
The ARB’s legal conclusion that Yusim’s complaint should be dismissed was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. The ARB could not provide any of the relief authorized under § 31105(b)(3) once Midnight Sun was no longer operating as a business and had no assets from which damages could be paid. Indeed, Midnight Sun was not an employer under the STAA at the time of the ARB’s decision because it did not operate a business that owned or leased a commercial motor vehicle. Yusim argues that the ARB could have granted him relief by declaring that he accurately reported his hours, but the STAA does not state that the Department of Labor can provide such declaratory relief. Because the ARB’s decision to dismiss the STAA complaint was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, we deny Yusim’s petition for review to the extent that he challenges the ARB’s decision to dismiss his complaint.
Accordingly, we dismiss Yusim’s petition for review in part and deny his petition for review in part.
DISMISSED IN PART, DENIED IN PART.